IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FRANK W. RODRIGUEZ JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:18-cv-176 |
| DONALD PATRICK, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Frank W. Rodriguez, Jr., proceeding *pro se*, filed this civil rights lawsuit. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Procedural Background

Observing that Plaintiff's Complaint (doc. #1) was more than 300 pages long and named more than 100 Defendants, the court previously entered an Order (doc. #20) directing Plaintiff to prepare a complaint that complied with Federal Rule of Civil Procedure 8 and Local Rule CV-3, which limits complaints in civil rights lawsuits to 30 pages. In response, Plaintiff filed a Motion (doc. #23) seeking leave to exceed the page limitation established by local rule.

The court then entered an Order (doc. #24) denying the Motion and giving Plaintiff additional time to submit a complaint that complied with the Rules cited above. Plaintiff responded by filing an Amended Complaint (doc. #26). While the Amended Complaint was 30 pages long, attached to the Complaint was a Declaration of Additional Facts Directly Correlated to Amend[ed] Complaint which was also 30 pages long.

The court concluded that the Amended Complaint was an attempt to circumvent to the page limitations established by Local Rule CV-3. The court also noted that Plaintiff failed to make specific factual allegations against a large majority of the more than 100 individuals listed as Defendants. The court entered an Order (doc. #31) giving Plaintiff another opportunity to file a complaint which complied with the applicable Rules. Plaintiff was given 30 days to comply with the order and was warned that failure to comply could result in the dismissal of this lawsuit.

Plaintiff acknowledged receipt of the court's most recent Order on May 5, 2024 (doc. #32). Although more than 30 days have passed since Plaintiff received the Order, he has not responded to the Order.

Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). Where, as in this case, the applicable statute of limitations would bar future litigation of Plaintiff's claims, dismissal for failure to prosecute is appropriate only if there is a clear record of delay or contumacious conduct by Plaintiff and if lesser sanctions would not serve the interests of justice. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

Plaintiff has been ordered on three occasions to resubmit his claims in complaint that complied with the applicable rules and was warned that failure to do so could result in dismissal of his lawsuit. He has not complied with these Orders. His failure to comply constitutes a clear record of delay.

Further, a lesser sanction than dismissal would be inadequate. As Plaintiff is proceeding *pro se*, the imposition of a monetary sanction would almost certainly be futile. In addition, Plaintiff's failure to heed a prior warning that failure to comply with the Orders could result in dismissal allows the court to infer that less onerous sanctions than dismissal would be insufficient. *Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 703 (5th Cir. 2023).

As described above, Plaintiff has repeatedly failed to comply with Orders of this court. As a result, this matter should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Recommendation

This civil rights lawsuit should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this the 16th day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE